*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, HARRELL, and GANNON
Appellate Military Judges

―――――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Rodney D. HARVEY**
Hospital Corpsman First Class (E-6), U.S. Navy
*Appellant*

**No. 202200040 (f rev)**

―――――――――――――

Decided: 9 October 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Ann K. Minami (arraignment)
Matthew R. Brower (trial)

Sentence adjudged 5 November 2021 by a general court-martial tried at Naval Base Kitsap, Bremerton, Washington, consisting of officer and enlisted members. Sentence in the Entry of Judgment: reduction to paygrade E-1, confinement for one year, and a dishonorable discharge.[1]

For Appellant:
*Lieutenant Commander Christopher C. McMahon, JAGC, USN*

―――――――――――――

[1] Appellant was credited with having served seven days of pretrial confinement.

For Appellee:
*Lieutenant K. Matthew Parker, JAGC, USN* (on brief)
*Lieutenant Commander James P. Wu Zhu, JAGC, USN* (on brief)
*Lieutenant Erin H. Bourneuf, JAGC, USN* (argued)

Senior Judge KISOR delivered the opinion of the Court, in which Senior Judge HARRELL and Judge GANNON joined.

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

KISOR, Senior Judge:

This case is before us for a second time. After we affirmed the findings and sentence in a published opinion, the Court of Appeals for the Armed Forces (CAAF) set aside our decision, and remanded the case to us for a new factual sufficiency review.[2]

A panel of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of indecent exposure in violation of Article 120(c),[3] Uniform Code of Military Justice (UCMJ), but acquitted him of one specification of sexual assault and one specification of battery, in violation of Article 120 and 128, UCMJ.[4]

Upon remand from the CAAF, we conduct a new factual sufficiency analysis in light of their opinion. We again find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

The factual background for this case is explained in detail in our published opinion[5] and in the CAAF's opinion,[6] and need not be fully repeated here. In relevant part, Ms. Echo, who had not met Appellant prior to the evening in

---

[2] *United States v. Harvey*, 85 M.J. 127 (C.A.A.F. 2024).

[3] 10 U.S.C. § 920(c).

[4] 10 U.S.C. §§ 920, 928.

[5] *United States v. Harvey*, 83 M.J. 685 (N-M. Ct. Crim. App. 2023).

[6] *Harvey,* 85 M.J. at 129.

question, testified that Appellant exposed his penis to her in the parking lot of a gym after they had worked out.[7] The surveillance camera footage from the Factory Fitness Center parking lot is of limited clarity as to the actual moment of indecent exposure. It shows Appellant and Ms. Echo leave the Factory Fitness Center and that their cars were parked adjacent to one another. The video shows that Appellant and Ms. Echo hugged. Then, after he put his gym bag in his car, Appellant approached the driver's side window of Ms. Echo's car. The window remained rolled down, and he leaned his torso into her car for approximately two minutes. He then stood outside her driver's side window, facing the window with his back to the surveillance camera.[8]

## II. DISCUSSION

### A. The charge in this case.

Appellant continues to challenge the factual sufficiency of his conviction for indecent exposure under Article 120c, UCMJ.

The Specification of Charge II alleged:

> In that Hospital Corpsman First Class Rodney D. Harvey, USN, Submarine Readiness Squadron Three-One, on active duty, did, at or near Bremerton, Washington, on or about 28 April 2021, intentionally expose his genitalia in an indecent manner, to wit: exposing his penis to [Ms. Echo] in a public parking lot.[9]

Thus, in order to prove indecent exposure, the Government had to prove:

1) That on or about 28 April 2021, Appellant exposed his penis to Ms. Echo in a public parking lot;

2) That the exposure was done in an indecent manner; and

3) That the exposure was intentional.

The term "indecent manner" means conduct that "amounts to a form of immorality relating to sexual impurity, which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite the sexual desire or depraved morals with respect to sexual relations."[10] The term "intentional" means willful or on purpose. An act done as the result of a mistake or accident is not done intentionally.

---

[7] R. at 373.

[8] Pros. Ex. 2.

[9] Charge Sheet.

[10] Manual for Courts-Martial, United States (2019 ed.), Part IV, paragraph 63.a.d.(6) at IV-96.

Relevant here, in determining whether any intentional exposure was indecent, the members were instructed to consider all the facts and circumstances surrounding the exposure. Specifically, factors they were instructed to consider included, but were not limited to: whether the person witnessing the exposure consented to the exposure; whether the exposure was made in a public or private setting; and the prior relationship between the accused and the alleged victim.[11]

## B. Standard of review.

We follow the CAAF's analysis in *Harvey* and *United States v. Csiti* in construing the three key components of the amended Article 66(d)(1)(B), UCMJ, factual sufficiency review: (1) appellant's specific showing of a deficiency of proof; (2) the Court affording appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence when we weigh the evidence and determine controverted questions of fact; and (3) whether this Court is "clearly convinced that the finding of guilty was against the weight of the evidence."[12] As explained very recently by the CAAF in *United States v. Downum*,

> it is no longer appropriate to describe the service courts' standard of review when performing factual sufficiency review simply as "de novo." Instead, when stating the standard of review and performing factual sufficiency review, service courts should cite and follow this Court's guidance in *Harvey*, 85 M.J. at 130-32, instead of the Court's prior guidance in *Washington*, 57 M.J. at 399.[13]

## C. The finding of guilt as to indecent exposure is factually sufficient.

In this case, the parties agree that Appellant has met the threshold requirement and made a specific showing of a deficiency in proof under Article 66(d)(1)(B)(i). We give appropriate deference to the fact that the members heard the testimony of Ms. Echo and the other witnesses, and we have reviewed the video ourselves. Accordingly, applying the current statute, giving

---

[11] R. at 928-29.

[12] *United States v. Harvey*, 85 M.J. 127 (C.A.A.F. 2024); *United States v. Csiti*, 85 M.J. 414 (C.A.A.F. 2025); *see United States v. Cook*, __M.J. __ , No. 24-0221/AF, 2025 CAAF LEXIS 726 (C.A.A.F. Aug. 28, 2025)

[13] *United States v. Downum*, __M.J.__, No. 24-0156/AR, 2025 CAAF LEXIS 828 at *13 (C.A.A.F. Sep. 30, 2025)

appropriate deference to the fact that the trial court saw and heard the witnesses and taking our own view of the video, we are not clearly convinced that the finding of guilty is against the weight of the evidence.

## III. CONCLUSION

After careful consideration of the entire record, the numerous briefs of appellate counsel, and the excellent oral arguments of both appellate counsel, presented on 30 September 2025, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. The findings and sentence are therefore **AFFIRMED**.[14]

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[14] Articles 59 & 66, UCMJ.